UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONNELL ROBERTSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-CV-688 JD |
| TIMOTHY P. BARTH, AND CORIZON COMPANY, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Donnell Robertson, a *pro se* prisoner, alleges that he was sexually assaulted by Dr. Timothy P. Barth. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Robertson was seen by Dr. Timothy P. Barth at the Westville Correctional Facility for complaints about back pain on January 13, 2014. During the examination, Robertson alleges that Dr. Barth "put his hand in the back of Plaintiff Donnell Robertson pants and pull the Plaintiff toward the Defendant Timothy P. Barth and touch his buttock in a kneading motion using his hand and fingertips . . . for about 30 to 40 seconds." (DE 7 at 10). Robertson alleges that Dr. Barth was

smiling and did this to obtain "sexual arousal or sick gratification" (DE 7 at 13) with "sexual desires in his eyes." (DE 7 at 14).

"An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the 'force' exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). In *Washington* the plaintiff alleged that "while patting him down the guard spent five to seven seconds gratuitously fondling the plaintiff's testicles and penis through the plaintiff's clothing and then while strip searching him fondled his nude testicles for two or three seconds . . .." *Id.* at 642. The court explained this stated a claim because, "[w]e don't see how the defendant's conduct if correctly described by the plaintiff could be thought a proper incident of a pat down or search . . .." *Id.* at 644. This case is different in that the touching described by Robertson could have been a legitimate medical examination. Were it not for Robertson's allegations that Dr. Barth was acting out of sexual desire, he would not have stated a claim against Dr. Barth.

In addition, Robertson is suing Corizon Company who employs Dr. Barth. He alleges that if Corizon had investigated Dr. Barth before hiring him, it would have known that he was unfit. However, this is pure speculation. Robertson has not alleged anything about Dr. Barth's history which could have alerted Corizon about any possible problems. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotation marks and brackets omitted). Such is the case here. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Corizon is not

alleged to have been involved in the incident on January 13, 2014, other than by employing Dr. Barth. Therefore Robertson has not stated a claim against Corizon.

Finally, Robertson raises a claim of retaliation because he was disciplined for falsely charging Dr. Barth with sexual assault. However, neither Dr. Barth nor Corizon charged him nor found him guilty. Rather, Internal Affairs investigated Robertson's complaint and concluded that his allegations were baseless. Consequently, he was charged with lying and disciplined by the prison's Disciplinary Hearing Body. Therefore he has not stated a plausible retaliation claim against either of these defendants.

For the foregoing reasons, the court:

(1) **GRANTS** Donnell Robertson leave to proceed against Dr. Timothy P. Barth in his individual capacity for compensatory and punitive damages for sexually assaulting him on January 13, 2014, by touching his buttocks, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Corizon Company;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Dr. Timothy P. Barth to the United States Marshals Service along with a copy of the amended complaint (DE 7) and this order;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. Timothy P. Barth; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Timothy P. Barth respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: June 6, 2014

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court