UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONNELL ROBERTSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:14-CV-688 JD ) ) |
| TIMOTHY P. BARTH, | ) ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the defendant, Dr. Timothy P. Barth. DE 44. The plaintiff, Donnell Robertson, a *pro se* prisoner, was granted leave to proceed on only one claim: against Dr. Timothy P. Barth in his individual capacity for compensatory and punitive damages for sexually assaulting him on January 13, 2014, by touching his buttocks, in violation of the Eighth Amendment. DE 8.

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). To establish a genuine issue of fact, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial, not "simply show that there is some metaphysical doubt as to the material facts." *First Nat'l Bank of Cicero v. Lewco Secs. Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). If the nonmoving party fails to establish the existence of an essential element on which it bears the burden of proof at trial, summary judgment is proper. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) (holding that a failure to prove one essential element necessarily renders all other facts immaterial).

In ruling on a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. A court must avoid the temptation to "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.*

Dr. Barth states that there is no genuine issue of fact because he appropriately touched Robertson during a routine medical examination for back pain.

> I saw Mr. Robertson on my first day here 1/13/14 for multiple complaints including chronic low back pain.
> . . .
> I examined his back. He was wearing a back brace. I asked him to remove the brace which he did. He still was fully clothed otherwise including underwear, t-shirt and khaki shirt and pants.

> I examined along the spinous process from the upper thorax to the lumbosacral spine. I palpated along the musculature insertions on the iliac crest on both sides using both hands simultaneously. Then using my right hand I checked the sciatic notches for tenderness. I in no way touched him in an inappropriate manner.

DE 46-7 at 2. Robertson states:

> The Defendant Timothy P. Barth "<u>NEVER</u>" touch the Plaintiff Donnell L. Robertson back. The Defendant Timothy P. Barth went "<u>STRAIGHT</u>" to the Plaintiff Donnell L. Robertson "Buttock." The Defendant "<u>NEVER</u>" touch the Plaintiff spine the skin or sacrum. The Defendant didn't do an exam on the Plaintiff. The Defendant didn't touch nothing on the Plaintiff but the Plaintiff "Buttock."
> . . .
> This <u>Made</u> the Plaintiff very uncomfortable. The Defendant Timothy P. Barth was getting some satisfaction from touching, grabbing the Plaintiff Donnell L. Robertson because the Defendant <u>WERE</u> smiling while touch, grab Plaintiff Donnell L. Robertson. The Defendant Timothy P. Barth had this look on his face and that smile that he had.

DE 50 at 1 (emphasis in original). "An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the 'force' exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). Therefore, mindful of the standard for summary judgment, Robertson has created a genuine issue of disputed fact.

Robertson's statement is not presented under oath, but neither is Dr. Barth's. Federal Rule of Civil Procedure 56(e)(4) permits the court to "issue any . . . appropriate order" when "a party fails to properly support an assertion of fact . . . ." Here, both statements are "made on personal knowledge [and] set out facts that would be admissible in evidence . . . ." Rule 56(c)(4). There is no doubt that both are competent to testify as to their personal observations. Federal Rule of Evidence 602. Moreover, Rule 56(c)(2) only recognizes objections to "material cited to support or dispute a fact [which] cannot be presented in a form that would be admissible in evidence." Here, both of

these personal observations would be admissible if presented as live testimony. Therefore neither is the basis for such an objection.

These two statements are diametrically opposed. Nevertheless, the testimony of a single witness is a sufficient basis for judgment. *See Weiler v. United States*, 323 U.S. 606, 608 (1945). It is for the factfinder, not this court on a motion for summary judgment to resolve the credibility issues inherent in this case. Therefore the appropriate order in this case is to deny the motion for summary judgment.

For these reasons, the motion for summary judgment (DE 44) is **DENIED**.

SO ORDERED.

ENTERED: January 20, 2016

                                                            /s/ JON E. DEGUILIO
                                                          Judge
                                                          United States District Court